UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**FAYEZ NASSRI & JAMES MORRIS**     CIVIL ACTION

**VERSUS**                          NO. 11-853

**INLAND DREDGING COMPANY**         SECTION "K"(1)

### ORDER AND OPINION

Before the Court is the "Motion to Strike Affidavit" filed on behalf of defendant Inland Dredging Company ("Inland") (Doc. 23), Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion in part and denies the motion in part.

Background

In the early morning hours of December 8, 2010, James Morris, while driving his pleasure boat in which Fayez Nassri was a passenger, struck a pipeline pontoon, later identified as the IDC-120 owned by Inland Dredging Company (Inland). As a result of the accident, both Mr. Nassri and Mr. Morris allegedly sustained injuries.

Mr. Nassri and Mr. Morris filed suit in state court against Inland and its insurer for their damages alleging negligence under both Louisiana law and the general maritime law. Inland removed the suit to federal court. In its answer, Inland asserted, among other defenses, the protection of the Limitation of Liability Act ( 46 U.S.C. §30501, et seq, Rule F of the Supplementary Rules for Certain Admiralty and Maritime Claims).

Plaintiff filed a motion for partial summary judgment seeking an order that Inland is not entitled to limit its liability because the IDC-120 is not a vessel. In support of that motion plaintiffs

submitted the affidavit of their expert Don Searles.  In his affidavit Mr. Searles opines, among other things, that:

> 1) The sole purpose of the steel object, was to support a dredge pipeline and prevent it from sinking;
> 2) The steel object did not have any lights or devices to identify it, which are required by federal regulations for vessels operating on waters of the United States;
> 3) The steel object was not designed, built, nor did it have the capability to carry any goods, equipment or material, other than a dredge pipe;
> 4) The steel object did not have any means to move in the water by itself;
> 5) In his deposition, Mr. Dyer [an employee of Inland] stated that the steel object is transported in a hopper barge.
>
> It is my opinion, that the steel object that the Morris boat struck, is a pipeline pontoon, also called a pipe tank, which is used to support a dredging pipeline and not a vessel for the reasons explained above.

Doc. 19-5, Exhibit B.

Defendant moves to strike the affidavit urging that it is not appropriate evidence to support plaintiff's motion for summary judgment because it expresses an opinion on an ultimate issue of law, i.e., whether the IDC-20 qualifies as a vessel.

Law and Analysis

Rule 56 of the Federal Rules of Civil Procedure provides that a party may support a motion for summary judgment with, among other evidence, affidavits.  However, it is well established that "unsupported . . . affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment.  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985), citing C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure Civil* 2d §2738 (1983); see also *Cutting Underwater Technologies USA, Inc. v. ENI U.S. Operating* Company, 671 F.2d 512, 515 (5th Cir. 2012); *Orthopaedic & Sports Injury Clinic*

*v. Wang Lab, Inc.*, 922 F.2d 225 (5th Cir. 1991).

The admissibility of expert testimony on ultimate issues is also a relevant consideration. Although Rule 704 of the Federal Rules of Evidence provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue[,]" the rule does not "allow a witness to give legal conclusions." *Owen v. Kerr-McGee Corporation*, 698 F.2d 236, 240 (5th Cir. 1983). The *Owen* panel noted that "allowing an expert to give his opinion on the legal conclusions to be drawn form the evidence both invades the court's province and is irrelevant." *Id.*

Mr. Searles's opinion that the pipeline pontoon is "not a vessel" is a legal conclusion which cannot be used to support plaintiff's motion for summary judgment and must therefore be stricken. However, the entire affidavit need not be stricken. The statements of fact with respect to the "steel object" are acceptable and need not be stricken. Therefore, the motion should be granted in part and denied in part.

New Orleans, Louisiana, this 6th day of November, 2012.

　　　　　　　　　　　　　　　　　STANWOOD R. DUVAL, JR.
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE