UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FAYEZ NASSRI AND** <br> **JAMES MORRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-853** |
| **INLAND DREDGING COMPANY** | **SECTION "K"(1)** |

### ORDER AND OPINION

Before the Court is the "Motion for Reconsideration on Judge's Ruling Concerning Vessel Status Ruling" filed on behalf of plaintiffs Fayez Nassri and James Morris. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

Background

In the early morning hours of December 10, 2010, James Morris, while driving his pleasure boat in which Fayez Nassri was a passenger, struck a pipeline pontoon, later identified as the IDC-12- owned by Inland Dredging Company ("Inland"). As a result of the accident, both Mr. Nassri and Mr. Morris allegedly sustained injuries.

Mr. Nassri and Mr. Morris filed suit in state court against Inland and its insurer for their damages alleging negligence under both Louisiana law and the general maritime law. Inland removed the suit to federal court. In its answer, Inland asserted, among other defenses, the protection of the Limitation of Liability Act, 46 U.S.C. §30501, et seq, Rule F of the Supplementary Rules for Certain Admiralty Claims.

Thereafter the parties filed cross motions for partial summary judgment seeking a determination of whether the IDC 120 qualified as a "vessel" for purposes of limitation of liability.

Relying on *Stewart v. Dutra Construction Co.*, 543 U.S. 481, 497 (2005), the Court concluded that the IDC-120 qualified as an "artificial contrivance," that defendant "actually used the IDC-120 "as a means of transportation," and that the IDC-120 is "actually capable of maritime transportation regardless of the primary purpose or state of transit at a particular moment." Doc. 59, p. 5-6. Based on those findings, the Court held that the IDC-120 qualified as "a 'vessel' for purposes of the Limitation of Liability Act." Id.  Based on that conclusion, the Court denied plaintiff's motion for partial summary judgement and granted defendant's motion for partial summary judgment.

Plaintiff now urges the Court to reconsider its prior denial of plaintiff's motion for partial summary judgment and its grant of defendant's motion for partial summary judgment contending that:

> the Court should view the pontoon at the actual time this serious accident occurred. The tank was not maintained as shown by the photographs and testified to by numerous witnesses, and the pontoon was broken. This particular tank was not able to be used as a means of transportation for any purpose.

Doc. 63-1, p. 1.

## LAW AND ANALYSIS

Because defendant filed this motion within twenty eight (28) days of the Court's entry of the November 6, 2012 order, the Court addresses the motion under Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). This Court has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice,

(4) or an intervening change in controlling law. *In Re Katrina Canal Breaches Consolidated Litigation*, 2009 WL 5216897 at 1(E.D. La. December 29, 2009). This Court has further recognized that "[r]econsideration of a judgment is an extraordinary remedy which courts should use sparingly." *Id.* (*see* Wright, Miller & Kane, *Federal Practice & Procedure*: Civil 2d §2810.1, p. 124, *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 (E.D. La. Feb. 3, 1998); *Bardwell v. Sharp*, 1995 WL 517120, at 1 (E.D. La. Aug. 30, 1995). Rule 59(e) "should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment." *Lafargue v. Jefferson Parish*, No. 98-3185, 2000 WL 174899, *1 (E.D. La. 2000). The standard for Rule 59(e) "favors denial of motion to alter or amend a judgment." *Southern Contractors Group, Inc. v. Dynalectric Company*, 2 F.3d 606, 611 (5th Cir. 1993).

Prior to issuing is Order and Opinion dated November 6, 2012, (Doc. 59) the Court carefully reviewed the parties' briefs and the relevant law. Plaintiffs have not offered any new evidence in support of their motion, nor have they cited any case law supporting their position that the condition of the IDC-120 at the time of the accident determines its status as a vessel. As the Court noted in its Order and Opinion:

> *Stewart* requires only that a vessel be "practically capable of maritime transportation, regardless of its primary purpose or state of transit at a particular moment." . . . [T]he court holds that the IDC-120 is "actually capable of maritime transportation regardless of its primary purpose or state of transit at a particular moment" and is therefore a vessel for purposes of the Limitation of Liability Act.

Doc. 59, p. 5-6. The Court finds no manifest error of law or fact upon which it based its prior decision. Therefore, the Court denies the motion for reconsideration.

New Orleans, Louisiana, this 17th day of December, 2012.

3

                                         STANWOOD R. DUVAL, JR.
                                     UNITED STATES DISTRICT JUDGE