UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FAYEZ NASSRI AND**<br>**JAMES MORRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-853** |
| **INLAND DREDGING COMPANY** | **SECTION "K"(1)** |

### ORDER AND REASONS

Before the Court is the "Motion for Partial Summary Judgment - Presumption of Negligence," filed on behalf of plaintiffs Fayez Nassri and James Morris (Doc. 85). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

Background

The following facts are undisputed:

- Inland Dredging Company ("Inland") was the owner *pro hac vice* of the IDC-120 at all relevant times.
- On December 8, 2010, Inland was performing dredging operations under authority of an Army Corps of Engineers contract, #W912P8-10-C-0127 on the Intercoastal Waterway within Iberville Parish, Louisiana.
- In connection with those dredging operations, Inland deployed the KELLY L, two tugs (The CARDINAL and the INLAND TIGER), a crane barge, dredging pipe, and pipe tanks, including the IDC-120.
- Robert D. Johnston, an employee of Inland, served as the project manager for the dredging operations on December 7-8, 2010.
- Robert Goodwin, an unlicensed master, was assigned by Inland to pilot the KELLY L on December 7-8, 2010.
- On December 8, 2010, Tim Dyer, an Inland employee, also served as a project manager assigned to the Intercoastal Waterway Dredging project.
- IDC-120 is a 6' x 10' rolled steel pipe tank primarily utilized

- to support dredging pipe during dredging operations.
- On December 7, 2010, the IDC-120 was removed from a hopper barge on the Intercoastal Waterway and discovered to be in need of repair because a cleat had broken off.
- Sam Ford, Jr., a deck captain with Inland, moored the IDC-120 to a crane barge located at the dredging site.
- At approximately 6:00 p.m. on December 7, 2010, Robert Johnson's deck crew advised him that the IDC-120 had been moored to the crane barge for the evening.
- On December 8, 2010, at approximately 5:30 a.m., James Ernest Morris, Jr. and his passenger Fayez Nassri, were southbound on the Intercoastal Waterway, 0.75 miles below Bayou Sorrell Locks in Mr. Morris's recreational fishing boat when the boat struck the IDC-120, which was no longer moored to the crane barge.
- "At approximately 5:45 a.m., the KELLY L was contacted by radio and as a result of the communication, leverman Larry McCort assigned the Inland Tiger to retrieve the IDC-120 which, according to tug operator, Jose Cortz, " . . . broke free from the crane barge . . . sometime in the night." Doc. 85-2, p. 2.
- Inland's limited post-accident investigation of the accident failed to determine the reason the IDC-120 broke loose from the crane barge.

As a result of the accident, both Mr. Nassri and Mr. Morris allegedly sustained injuries.

Mr. Nassri and Mr. Morris filed suit in state court against Inland and its insurer for their damages alleging negligence under both Louisiana law and the general maritime law. Inland removed the suit to federal court. In its answer, Inland asserted, among other defenses, the protection of the Limitation of Liability Act, 46 U.S.C. §30501, et seq, Rule F of the Supplementary Rules for Certain Admiralty Claims.

Plaintiffs filed a motion for summary judgment seeking a finding that Inland "as a matter of law is presumed negligent for the IDC-120 breakaway because the tug Inland Tiger moored the pipe tank to the crane barge on the evening of December 7, 2010; and [t]he Defendant Inland Dredging cannot overcome this presumption of negligence with credible evidence it exercised any modicum

of reasonable skill or care when moving the pipe tank to the crane barge." Doc. 85-3, p. 1. Inland opposes the motion asserting, among other things, that the presumption of negligence sought to be invoked by plaintiff does not apply.

## Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

 "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex*

rel Bazan v. Hildago County, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

Law and Analysis

Relying upon the rule of *The Louisiana*, 70 U.S.164, 18 L.Ed. 85 (1865), plaintiffs urge this Court to apply a presumption that Inland acted negligently. Because this case can be readily distinguished from *The Louisiana*, the Court declines to apply a presumption of negligence. In *The Louisiana*, a drifting vessel struck a vessel that had run aground. Thus, that case involved an allision. Black's Law Dictionary defines "allision" as "[t]he contact of a vessel with a stationary object such as an anchored vessel or a pier. Black's Law Dictionary, 88 (9th ed. 2009). The rule of *The Louisiana*, "imposes a presumption of fault on a vessel that breaks free from its moorings and drifts into a stationary object." *In re Katrina Canal Breaches Consolidated Litigation*, 2011 WL 1792542 (E.D. La. Jan. 20, 2011). In contrast, the IDC-120 did not hit a stationary object; it collided with Mr. Morris's boat which was moving at the time of the accident. "The contact of two or more moving vessels" constitutes a "collision." Id. at 300. Citing *James v. River Parishes Company, Inc.*, 686 F.2d 1129 (5th Cir. 1982), plaintiffs urge that *The Louisiana* extends to cases involving collisions, as well as those involving an allision. Although the *James* court opined that "[a] vessel which drifts into collision is presumed to be at fault until the contrary is made to appear[,]" review of the case establishes that the accident which gave rise to the litigation involved a drifting barge

hitting a stationary vessel.  In  other words, it involved an allision, not a collision.  Because the *Louisiana* Rule does not extend to accidents where a drifting vessel collides with a moving vessel, the presumption applied therein is inapplicable here.  Therefore, the Court denies plaintiffs' motion.  However,  the Court notes that even though the *Louisiana Rule* does not  apply herein, Inland, as the owner *pro hac vice* of the drifting vessel,  faces a considerable challenge in establishing  that it was not negligent in a manner that was a proximate cause of the collision.

New Orleans, Louisiana, this 15th day of January, 2013.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE