UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**FAYEZ NASSRI & JAMES MORRIS**                **CIVIL ACTION**

**VERSUS**                                     **NO. 11-853**

**INLAND DREDGING COMPANY**                    **SECTION "K"(1)**

## ORDER AND OPINION

Before the Court is the "Motion in Limine to Exclude the Testimony and Report of Dr. Curtis Partington" filed on behalf of defendant Inland Dredging Company (Doc. 102). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motion in part and grants it in part.

Dr. Curtis Partington is a board certified neuroradiologist. Defendant seeks to exclude portions of Dr. Partington's testimony contending that to the extent that he interprets CT scans and MRIs of Mr. Nassri's brain the same as other radiologists or neuroradiologists, his testimony is cumulative. Additionally, relying on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), defendant seeks to exclude those portions of Dr. Partington's report and testimony which express his conclusions as to medical causation as being outside the scope of his expertise.

The case at bar is a bench trial. As Judge Barbier noted in *Thompson v. Rowan Companies, Inc.,* 2007 WL 724646 (E.D. La. March 6, 2007):

> . . . the purpose of [a] *Daubert* motion is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kansas City Southern Ry. Co,*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), citing *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 590-93, 113

> S.Ct. 2786, 125 L.Ed.2d 469 (1993). Thus, "[m]ost of the
> safeguards provided for in *Daubert* are not as essential in a case
> such as this where the district judge sits as the trier of fact in place
> of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).
> *"Daubert* requires a binary choice- admit or exclude-and a judge
> in a bench trial should have discretion to admit questionable
> technical evidence, though of course he must not give it more
> weight than it deserves." *SmithKline Beecham Corp. v. Apotex
> Corp.*, 237 F.Supp. 2d 1011, 1042 (N.D. Ill. 2003).

Thus, because this is a bench trial, the objectives of *Daubert* are no longer implicated. "Furthermore, 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Deville v. Comar Marine Corp.*, 2009 WL 1870896 (E.D. La. June 25, 2009), quoting *Daubert*, 509 U.S. at 596.

Based on the foregoing case law and the fact that the Court is not persuaded that Dr. Partington's testimony concerning medical causation of Mr. Nassri's claimed injuries is outside the scope of Dr. Partington's expertise because he does not treat patients, the Court DENIES the motion to the extent that it seeks to exclude Dr. Partington's testimony under *Daubert*.

Nor at this time does the Court find that Dr. Partington's testimony is cumulative. Because the precise testimony offered by plaintiff to establish his claimed injuries and the causation of those injuries is not yet known, the Court cannot conclude that Dr. Partington's testimony is cumulative.

The Court does however conclude that, absent a stipulation by the parties, the report of Dr. Partington is not admissible. Accordingly, defendant's motion in limine is denied in part and granted in part.

2

New Orleans, Louisiana, this 23rd day of January, 2013.

                                                STANWOOD R. DUVAL, JR.
                                      UNITED STATES DISTRICT JUDGE